IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS WAYNE POINTER,**

      **Plaintiff,**

  v.                           **Civil Action 2:18-cv-653**
                                 **Judge James L. Graham**
                                 **Magistrate Judge Jolson**

**MR. MORH, et al.,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate, seeks to initiate this action without prepayment of fees or costs. (Doc. 4). For the reasons that follow, it is **RECOMMENDED** that the Motion be **DENIED**.

**I.    BACKGROUND**

The Prison Litigation Reform Act ("PLRA") prohibits the grant of leave to proceed *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (also known as the "Three-Strikes Provision"). As this Court has previously noted, Plaintiff has, on at least 3 occasions, brought an action in this Court that was dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, *Pointer v. Marc*, No. 2:11-CV-0109, 2011 WL 847012, at *1 (S.D. Ohio Mar. 8, 2011) (citing *Pointer v. Brown & Williamson*, No. 1:97-cv-267 (S.D. Ohio)); *Pointer v. Jorgensen*, No. 1:00-cv-861 (S.D. Ohio); *Pointer v. Lyon*, No. 1:02-cv-486 (S.D. Ohio)); *see also Pointer v. Wilkinson*, 502 F.3d 369, 377

(6th Cir. 2007) (holding that Plaintiff Dennis Pointer is a three-strikes prisoner). The Three-Strikes Provision of the PLRA thus prohibits Plaintiff from proceeding without the prepayment of fees or costs unless he "is under imminent danger of serious physical injury." Otherwise, Plaintiff must pay the entire filing fee at the outset of the case.

In his Complaint, Plaintiff alleges that he is being denied mental health "programming" for his posttraumatic stress disorder. (Doc. 1 at 4). Plaintiff also alleges that he is "acutely depressed and suicidal." (*Id.*). "[T]he ongoing denial of medical care can, in some cases, put an inmate in sufficient danger that he satisfies the 'three strikes' provision of the PLRA." *Pointer v. Marc*, 2011 WL 847012, at *1. However, the way in which Plaintiff presented his claims in his initial Complaint did not address whether he was in imminent danger, and thus it was "somewhat hard to determine if he should be allowed to proceed with this case notwithstanding the prior dismissals." *Id.* Consequently, the undersigned directed Plaintiff to provide the Court additional information regarding his status. In short, the undersigned gave Plaintiff an opportunity to explain why he should be allowed to proceed *in forma pauperis*, even though he is a three-strikes prisoner.

On August 24, 2018, Plaintiff complied. As instructed, he filed an affidavit describing, from his perspective, why he is in "imminent danger." (Doc. 7). Plaintiff also filed a Motion for Leave to Amend on September 4, 2018. (Doc. 8).

**II.     STANDARD**

The fact that Plaintiff is a three-strikes prisoner is not in dispute. The only question is whether he is in imminent danger such that he can proceed *in forma pauperis* despite his status. The Sixth Circuit has set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

## III. DISCUSSION

Two aspects of Plaintiff's filings stand out. First, Plaintiff's allegations date as far back as 2016 (*see* Doc. 7 at 2), and stale allegations cannot support a claim of imminent danger. *See Gresham v. Heyns*, No, 1:12-cv-277, 2012 U.S. Dist. LEXIS 50958, at *6 (W.D. Mich. April 11, 2012) (noting that imminent danger must be contemporaneous with filing of complaint). Second, Plaintiff notes numerous times he has received mental health treatment while in prison—including as recently as July of this year when he was placed on suicide watch. (Doc. 8 at 3; *see also id.* at 5 (describing interaction with mental healthcare liaison)). Indeed, Plaintiff's filings, read in their entirety, make it crystal clear that Plaintiff is receiving mental health treatment. Plaintiff even asked this Court to stay this case until his mental health observation was complete. (*See* Doc. 2). It is thus undisputed that Plaintiff is receiving mental health

3

treatment; he simply wants a specific type of treatment—in his words, posttraumatic stress disorder "programming." To put an even finer point on it, Plaintiff alleges he is in imminent danger because he is suicidal, but Madison Correctional Institution was responsive to that need because Plaintiff's own allegations make clear that he has been on suicide watch multiple times. Because he is receiving mental health treatment, this case is unlike the cases in which a prisoner was receiving no care. *Cf. Vandiver*, 727 F.3d at 587 (finding imminent-danger standard satisfied where prisoner alleged denial of medical treatment).

In addition, circumstances have changed since Plaintiff brought this lawsuit. He initiated this lawsuit against employees of the Madison Correctional Institution, and much of his Complaint focuses on the performance of his mental health liaison at that institution, Ms. Evans. (Doc. 1 at 5, 8). Likewise, Plaintiff's Amended Complaint centers on what happened at Madison Correctional Institution. Plaintiff, however, is no longer housed at Madison Correctional Institution. On or about July 18, 2018, Plaintiff was transferred to Toledo Correctional Institution. Consequently, his mental health treatment (or alleged lack of treatment) at Madison Correctional Institution cannot present an imminent threat. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations of past dangers are insufficient to invoke the exception."); see *also Schuenke v. Wis. Dep't of Corrs.*, 2009 U.S. Dist. LEXIS 85909, 2009 WL 3086089 (W.D. Wis. Sept. 18, 2009) (noting that prisoner no longer faced emergency relating to asthma claim following transfer to another institution). Importantly, Plaintiff has not made any allegations regarding his mental health treatment at Toledo Correctional Facility. To the contrary, in his Amended Complaint, which was filed after his transfer, Plaintiff does not seek mental health treatment; instead, Plaintiff seeks monetary damages and a transfer to a lower

security prison. Consequently, any alleged emergency Plaintiff faced at Madison Correctional Institution has been remedied by the transfer.

One final note. Many of the allegations in Plaintiff's filings do not relate to his ongoing mental health issues that form the basis of his allegation of imminent danger of serious injury. For example, Plaintiff discusses that he was fired from his job in food service and alleges that he inappropriately denied his prison mail. (*See* Doc. 1). And his Amended Complaint seeks, *inter alia*, a refund to his commissary account. (Doc. 8 at 5). "It is a requirement of the PLRA, however, that the alleged danger which might justify allowing the prisoner to proceed despite his three prior 'strikes' must be related to claims in the complaint; that is, 'the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.'" *Pointer v. Marc*, 2011 WL 847012, at *2 (quoting *Pettus v. Morgenthau,* 554 F.3d 293, 297 (2d Cir. 2009)). "In other words, the existence of a threat of injury can be used to excuse the payment of the filing fee only for a complaint that relates to the same injury, and not to some separate or unrelated occurrence." *Id.*

IV.     CONCLUSION

In summary, the undersigned has considered thoroughly Plaintiff's allegations of imminent harm. Based on all of his filings, the undersigned concludes that Plaintiff has failed to show that he is under imminent danger of serious physical injury as defined by §1915(g). Consequently, the undersigned **RECOMMENDS** that the pending motion to proceed *in forma pauperis* be **DENIED** and that Plaintiff be required to pay the entire filing fee. The undersigned further recommends that, if Plaintiff fails to pay the entire filing fee within thirty days of an order adopting this Report and Recommendation, this action be dismissed without prejudice for failure to prosecute and that Plaintiff still be assessed the required filing fee. *See, e.g., Cohen v.*

*Growse*, 2011 U.S. Dist. LEXIS 25056, 2011 WL 947085 (E.D. Ky. March 14, 2011); *see also In re Alea*, 286 F.3d 378 (6th Cir. 2002).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 19, 2018

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE