IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dennis Wayne Pointer,

    Plaintiff,

  v.                              Case No. 2:18-cv-653

Mr. Morh, et al.,

    Defendants.

ORDER

    Plaintiff, an Ohio state inmate, brings the instant civil action against officers and employees of the Ohio Department of Rehabilitation and Correction. Plaintiff's claims concern his termination from his food service job at the Madison Correctional Institution and the alleged denial of his access to court by the mail room employees at the institution. Plaintiff also seeks damages for the failure to send him to an institution where posttraumatic stress disorder ("PTSD") "programming" is available.

    On September 19, 2018, the magistrate judge filed an initial screen report and recommendation concerning plaintiff's motion for leave to proceed with this action without prepayment of fees or costs. The magistrate judge noted that under 28 U.S.C. §1915(g), also known as the "Three-Strikes Provision", a prisoner may not bring a civil action *in forma pauperis* if the prisoner has brought an action in a court of the United States which was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The magistrate judge further observed that plaintiff had, on at least three prior occasions, filed actions in this court

that were dismissed for failure to state a claim upon which relief can be granted, and that the Sixth Circuit had also concluded that plaintiff was a three-strikes prisoner. *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).

Because plaintiff did not address in his complaint whether he was in imminent danger, the magistrate judge granted leave for plaintiff to explain why he should be allowed to proceed *in forma pauperis*. In response, plaintiff filed an affidavit on August 24, 2018. In his affidavit, plaintiff stated that in 2016, he was diagnosed with PTSD and placed in PTSD "programming" at the Columbus Reception Center. He stated that when he returned to the Madison Correctional Institution, he was told by staff that they could not provide PTSD "programming" because of his security level. Plaintiff stated that he was placed on suicide watch on May 10, 2018, and was thereafter moved in and out of a suicide prevention cell. Plaintiff stated that he was found guilty of spitting on a guard at a prison disciplinary hearing, and was transferred to the Toledo Correctional Institution on or about July 18, 2018, where the staff told him that there was no mental health programming for PTSD. Plaintiff also filed a motion for leave to amend his complaint to assert claims regarding the disciplinary proceeding and a claim for the refund of $1.92 he spent at the commissary prior to his transfer to the Toledo Correctional Institution.

The magistrate judge noted plaintiff claimed to be in imminent danger because he is suicidal, but that his filings clearly indicated that he is receiving mental health treatment, including being placed on suicide watch multiple times. The magistrate judge observed that some of plaintiff's claims against employees at the

2

Madison Correctional Institution did not concern his mental health treatment, and that those claims did not give rise to any imminent danger. The magistrate judge also noted that plaintiff is no longer at the Madison Correctional Institution. The magistrate judge recommended that the motion for leave to proceed *in forma pauperis* be denied. This matter is before the court for consideration of plaintiff's objections (Doc. 10) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The imminent danger exception is essentially a pleading requirement. *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). At this stage of the case, plaintiff is only required to assert allegations of imminent danger; he is not required to affirmatively prove those allegations. *Id.* In order to sufficiently allege imminent danger, the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed. *Id.*, citing *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Allegations of past dangers are insufficient. *Id.* The allegations must also be sufficient to allow a court to draw reasonable inferences that the danger exists; conclusory allegations are not sufficient. *Id.*

3

In his objections, plaintiff claims that while at the Madison Correctional Institution, he was given pills by other inmates (he does not allege what these pills contained), and that another inmate had offered to slip a sheet into his cell so that he could commit suicide. Plaintiff also noted his allegations that he had stopped taking his high blood pressure, high cholesterol, and heart medications in an effort to commit suicide. He reiterated his allegations concerning the loss of his food service job and his transfer to Toledo after he spit on a guard. He again complains about the alleged lack of PTSD "programming" and his desire to be transferred to a facility with PTSD "programming."

As the magistrate judge noted, this is not a case involving a complete lack of medical care. Plaintiff's complaint alleged the failure to provide PTSD "programming." Beyond this conclusory statement, plaintiff did not allege how the treatment he received at the Madison Correctional Institution was inadequate to protect him from any imminent danger created by whatever suicidal tendencies he has. Plaintiff's filings include multiple references to mental health treatment he has received, including being placed on mental health and suicide watch on many occasions. He alleged in his complaint that he was on suicide watch. He filed a motion to stay this case until his mental health observation was complete, stating that he had been on constant watch, and that he had been on mental health watch every half hour while at the Madison Correctional Institution. *See* Doc. 2. His affidavit also indicated that he was placed on suicide watch on multiple occasions. Plaintiff does not allege how his mental health treatment at the Toledo institution, his current place of

4

confinement, is inadequate so as to currently place him in imminent danger of serious physical injury. Rather, he repeats the bare allegation that the Toledo institution does not have PTSD "programming."

After considering plaintiff's filings, the court finds that plaintiff has failed to allege an imminent, real and proximate danger of serious physical injury so as to qualify for *in forma pauperis* status under the exception to the "Three-Strikes Provision." In accordance with the foregoing, the report and recommendation (Doc. 9) is adopted. Plaintiff's objections (Doc. 10) are overruled. Plaintiff's motion to initiate this action without prepayment of fees or costs (Doc. 4) is denied, and plaintiff will be required to pay the entire filing fee.

Plaintiff is hereby ordered to pay the entire filing fee of four hundred dollars ($400.00) within thirty days of the date of this order. Plaintiff is directed to pay this amount by mailing a check or money order, payable to "Clerk, United States District Court" in the amount of $400.00, to the following address: Office of the Clerk of Court, United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio, 43215.

Plaintiff is advised that if he fails to pay the entire filing fee within thirty days of the date of this order, this action will be dismissed without prejudice for failure to prosecute, and he will still be assessed the required filing fee.

Date: October 16, 2018         s/James L. Graham
                               James L. Graham
                               United States District Judge